138 F.3d 1104
 Unempl.Ins.Rep. (CCH) P 22,209
Luella PENNINGTON, individually and on behalf of other
similarly situated persons, Plaintiff-Appellee,
v.
Lynn DOHERTY, Director of the Illinois Department of
Employment Security, in her official capacity,
Defendant-Appellant.
 No. 96-1499.
 United States Court of Appeals,
Seventh Circuit.
 Argued Oct. 23, 1996.
Decided April 4, 1997.
On Remand from the Supreme Court
of the United States, Oct. 14, 1997.
 Decision on Remand March 16, 1998.
 
 Jeffrey B. Gilbert (submitted), Johnson, Jones, Snelling & Gilbert, Chicago, IL, Robert E. Lehrer, Lehrer & Redleaf, Chicago, IL, for Plaintiff-Appellee.
 Deborah L. Ahlstrand, Office of the Attorney General, Civil Appeals Division, Chicago, IL, for Defendant-Appellant.
 Before ESCHBACH, RIPPLE and KANNE, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case is before the court on remand from the Supreme Court of the United States. The Court has directed that we reconsider our decision[1] in light of a provision of the newly enacted Balanced Budget Act of 1997, Pub.L. No. 105-33, § 5401, 111 Stat. 251, 603 (1997) (reprinted in 1997 U.S.C.C.A.N., No. 7). The pertinent subsection reads as follows:
 
 
 2
 SEC. 5401. CLARIFYING PROVISION RELATING TO BASE PERIODS.
 
 
 3
 (a) IN GENERAL. No provision of a State law under which the base period for such State is defined or otherwise determined shall, for purposes of section 303(a)(1) of the Social Security Act (42 U.S.C. 503(a)(1)), be considered a provision for a method of administration.
 
 
 4
 (b) DEFINITIONS. For purposes of this section, the terms "State law", "base period", and "State" shall have the meanings given them under section 205 of the Federal-State Extended Unemployment Compensation Act of 1970 (26 U.S.C. 3304 note).
 
 
 5
 (c) EFFECTIVE DATE. This section shall apply for purposes of any period beginning before, on, or after the date of the enactment of this Act.
 
 
 6
 The parties have filed their statements of position pursuant to Circuit Rule 54. They are in agreement that, because of this intervening legislation, our earlier decision cannot stand. Accordingly, we vacate our earlier judgment in this case and remand the matter to the district court with directions that it dismiss the complaint.[2]
 
 
 7
 VACATED and REMANDED with Directions.
 
 
 
 [1]
 See Pennington v. Doherty, 110 F.3d 502 (7th Cir.1997)
 
 
 [2]
 In their Circuit Rule 54 statement, the plaintiffs note that they wish to raise the matter of attorneys' fees. As they also acknowledge, this is a matter that ought to be presented, in the first instance, to the district court. We express no view on the appropriate disposition of such a claim